UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| Jaston A. Oakley, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:19-cv-00047 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| Andy Cathey, ) | |
| ) | |
| Defendants ) | |

TO:   THE HONORABLE William L. Campbell.

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey court orders, and that any appeal from the dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed his case *in forma pauperis* on June 6, 2019 (Docket Entry 1). After a review by Judge Campbell the Plaintiff was permitted to proceed *in forma pauperis* on his claims of a Fourteenth Amendment Equal Protection claim under Section 1983 against Mr. Cathey in his individual capacity. All other claims were dismissed. The order specifically stated "He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the clerk's office informed of his current address." (Docket Entry 4).

The Plaintiff returned service packets and service of process was directed on the Defendants and returned  on Sept. 17, 2019. The plaintiff used the Maury Count Jail as his current

address on the summons.  (DE 7) The defendant filed an appearance and answered the complaint on Sept 24, 2019.  (DE 9 and 10). Next the Defendant notified the court that mail sent to the plaintiff at the Maury County jail which was the last address provided by the plaintiff was returned as undelivered with the notation: "Return to Sender, Attempted-Not known, Unable to Forward." (DE 11). Counsel for the defendant also advised the upon checking with the jail she was advised the plaintiff had been released from custody and had not provided a forwarding address.

A show cause order was entered for the plaintiff to appear for a scheduling hearing on October 23, 2019 and the plaintiff was again warned of the need to have a current address on file. (DE 12). The plaintiff did not appear at the hearing and he has not provided the court with a current address.  Counsel again advised the court that the Plaintiff had been releases with no forwarding address on file. Additionally the Court's order to show cause was returned with the notation "released" (DE 14).

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b)  the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

2

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) where the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was warned at the onset of the case that failure to keep a current could jeopardize his prosecution of the matter. In this case the Plaintiff has failed to provide the Court with a current address. His failure to do so appears willful. Plaintiff failed to attend the scheduled case management conference on October 23, 2019.

Under these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). The Plaintiff is presently out of touch with the Court, has failed to attend a scheduled case management conference or respond to a show cause order. Defendants are prejudiced in that they are unable to begin discovery. The court is unable to enter a scheduling order or contact the Plaintiff.

The Magistrate Judge has considered the less drastic sanctions of dismissal without prejudice rather than dismissal with prejudice and will recommend the lesser sanction.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute. The Magistrate Judge further recommends that any appeals on this dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 23d day of October, 2019.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1]Even though the dismissal is without prejudice, statute of limitation issue may prevent a refiling of a similar complaint.